JAMES CANN, Judge,
dissenting.
I respectfully desire to record my dissent to the majority opinion filed in the above case. There is no need to repeat the facts and circumstances leading to the accident which caused the injuries and damages complained of in this case for Judge Smith in his opinion states them very clearly and concisely. However, I do not agree with the majority opinion when it states that “At no point alongside the highway were there any road signs or markers warning the traveling public of the *101 slippery condition of the highway. It is for such failure on the part of the state road commissioner to erect such warning signs that the claimant makes her claim.” This is not a complete statement of the claim of the claimant. She states her claim on the theory that not only because the state road commission failed to erect warning signs warning the traveling public of the slippery condition of the highway, but that the highway or road itself, because of the neglect and omission on the part of the servants and employes of the state road commission, was permitted to exist and remain in a dangerous and hazardous condition, and therefore not reasonably safe for travel. The facts and evidence, in my opinion, clearly supports the theory. The majority opinion admits that by virtue of the composition of black top road material the surface is known to “bleed”— that is tar in the mixture oozes or sweats causing a slippery condition which is greatly aggravated when it is rained upon; consequently, at the point of this accident such condition existed while claimant was driving over it. With this admission I wholly agree, for it is those facts which I believe takes this case out of the theory expressed and relied upon in this case by a majority of this court, based upon the proposition of law stated by our Supreme Court in the case of state ex rel. Adkins v. Sims, Auditor, 130 W. Va. 646.
Judge Fox in his opinion in the Adkins case, supra, stated that the court did not mean to say that situations may not arise where the failure of the road commission properly to maintain a highway, and guard against accidents, occasioned by the condition of the road may not be treated as such positive neglect of duty as to create a moral obligation against the state for which the Legislature may appropriate money to pay damages which proximately resulted therefrom. The majority opinion states that the instant claim could not possibly come within this exception. I firmly believe and state that it does, for the following reason: The record clearly shows that this road covered with asphalt or tar, bled profusely in the summer and the mixture oozed or sweated causing a slippery condition to exist; that Mr. Deihl saw a number of accidents occur because of the condition of said road during the summer *102 months of 1949 and prior years; that he advised the servants and employes of the state road of this state of affairs; that on only one occasion was this stretch of road roughed up to make it safe for public use; that the supervisor of the state road commission for that district in which this accident occurred had skidded on at least one occasion near the scene of the accident; that the supervisor stated that they had not paid much attention to the several calls they had received concerning the condition of the road because the state police had not called them; that the servants and employes of the state road commission testified that the speed limit over this particular stretch of road was fifty miles per hour, yet they said that they did not believe said road to be dangerous at any time, providing the speed of an automobile was not over thirty or thirty-five miles per hour, which certainly left an inference and convinced me that something was wrong with said road; all of this being known by the servants and employes of the state road commission for some time and nothing done to make said road reasonably safe for the traveling public.
I am mindful of the fact that in the case of Margaret Elizabeth Lowers v. State Road Commission (reported elsewhere in this volume) in which I wrote the majority opinion, I based my finding on the proposition of law stated by our Supreme Court in the Adkins case, supra, which was that every user of the highway travels at his own risk and that the state cannot assure one of a safe journey; but the facts in the Lower case were different from those in this case. In that case the claimant claimed that the state should have erected proper guardrails and provided proper markers. In this case the claimant, in substance, claimed that the state should have kept the road in a reasonably safe condition for the traveling public. The court will note that at the close of my opinion in the Lower case, supra, I quoted Judge Fox, from the Adkins case, supra. in which he stated:
“Here the simple proposition is: No fault was found with the road; but only that certain precautions had not been taken . . (Italics mine.)
*103 This indicates to me that if some fault had been found with the road in that case the decision of the court might have been different and the case placed squarely within the exception stated by Judge Fox.
Judge Smith in his opinion makes reference to the fact that claimant had travelled over this particular road several times and therefore she was more familiar with its condition than if it had been her first attempt. This in my opinion does not excuse the state from its duty to maintain this road in a reasonably safe condition. In this connection let me call the court’s attention to the case of Katherine Presson v. State Road Commission, 4 Ct. Claims (W. Va.) 92. In this case claimant was injured by stepping in a hole in state road No. 20. It developed in that case that claimant knew of the hole there, for she had seen the hole on previous occasions, yet because she stepped in this hole in the darkness, this court by a unanimous opinion, granted an award stating among other things:
“The State, of course, is morally bound to make its highways reasonably safe for travel and to keep them in proper repair for the use of the public. This in our opinion was not done with the highway here involved, by reason of which neglect the hole in question continued as dangerous and a menace to those obliged to use the highway. . . .”
Why not use the same reasoning in the instant case? In my opinion the neglect of the state road commission to keep the road in question reasonably safe for travel and to keep it in proper repair for the use of the traveling public, by more frequent “roughing up” process or other means at their disposal to alleviate the slippery condition caused by bleeding and sweating, especially when that condition was known to them for some time, made the state liable.
For the reasons herein stated I would have made an award for the damages claimed.